ROBERT A. DOLINKO (State Bar No. 076256)
rdolinko@nixonpeabody.com
OSWALD B. COUSINS II (State Bar No.172239)
rbromley@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero; Suite 1800
San Francisco, CA 94111
Telephone:  (415) 984-8200
Facsimile:   (415) 984-8300

Attorneys for Defendant
HERTZ LOCAL EDITION CORPORATION

[ADDITIONAL COUNSEL LISTED ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PHILIP LO CASCIO, on behalf of himself, and all others similarly situated, and on behalf of the general public,<br><br>     Plaintiffs,<br><br> vs.<br><br>HERTZ LOCAL EDITION., THE HERTZ CORPORATION; and DOES 1-100,<br><br>     Defendants.<br>. | Case No.:  15-CV-0667 WQH-KSC<br>Case No.:  3:15-cv-02732-WQH (KSC)<br><br>**JOINT MOTION TO CONSOLIDATE CASES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 42(a)(2)**<br><br>**[Proposed] Order Filed Concurrently** |
| TREVINE FERNANDO, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br> vs.<br><br>HERTZ LOCAL EDITION CORPORATION, a Delaware Corporation; and DOES 1-50,<br><br>     Defendant. |  |

1

This Joint Motion is entered into by and between PHILIP LO CASCIO, Plaintiff in action No. 15-CV-0667 WQH-KSC (the "LoCascio Action"), and TREVINE FERNANDO, Plaintiff in action No. SA CV 11-02473 AG (Ex) (the "Fernando Action"), and Defendants HERTZ LOCAL EDITION CORPORATION ("HLE") and THE HERTZ CORPORATION ("Hertz"), and is based on the following facts:

1.      The LoCascio Action was filed on December 15, 2014, and removed to this Court on March 25, 2015.  The Complaint alleges that Hertz and HLE violated various Labor Code statutes and Business and Professions Code Section 17200 with regard to Plaintiff LoCascio and similarly situated non-exempt employees of HLE in California by: (1) failing to provide meal periods and pay for meal periods allegedly missed; (2) failing to provide rest periods and pay for rest periods allegedly missed; (3) unfair competition; (4) failing to pay all wages due upon termination of employment; (5) maintaining a use-it-or-lose-it vacation policy; and (6) failing to furnish itemized wage statements with appropriate information.  The class that Plaintiff LoCascio seeks to represent consists of all hourly, non-exempt HLE Branch employees within the State of California;

2.      The Fernando Action was filed in Los Angeles County Superior Court on August 26, 2015 and removed to the United States District Court for the Central District of California on October 30, 2015.  The Complaint alleges that HLE violated various Labor Code statutes and Business and Professions Code Section 17200 with regard to Plaintiff Fernando and similarly situated non-exempt employees of HLE in California by: (1) failing to provide meal periods and pay for meal periods allegedly missed; (2) failing to provide rest periods and pay for rest periods allegedly missed; (3) unfair competition; (4) failing to pay all wages due upon termination of employment; (5) failing to reimburse employees for certain business expenses; (6) failing to furnish itemized wage statements with appropriate information; and (7) violating PAGA.  The

class that Plaintiff Fernando seeks to represent similarly consists of all hourly, non-exempt HLE Branch employees within the State of California;

3.      Based on the pendency of the LoCascio Action, and pursuant to the parties' stipulation, the Fernando Action was transferred from the Central District of California to this Court on December 7, 2015;

4.      The two cases were related before this Court on December 15, 2015;

5.      The parties now wish to consolidate the two cases pursuant to Federal Rule of Civil Procedure 42(a)(2) by filing a Consolidated Complaint attached hereto as Exhibit 1 because they involve common questions of law and fact; and

6.      The parties agree that the Scheduling Order issued on October 1, 2015 in the LoCascio Action [Document No. 9 in that matter] should apply with equal force and effect to the consolidated cases.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and between the Plaintiffs and Defendants in the LoCascio Action and the Fernando Action, that the two actions shall be consolidated for all purposes pursuant to Federal Rule of Civil Procedure 42(a)(2) and that the Consolidated Complaint attached hereto as Exhibit 1 shall be filed within seven (7) days of entry of Order; all subsequent pleadings and motions shall be filed under the caption and case number of the first-filed case, *LoCascio, et al. v. Hertz Local Edition Corp., et al.*, Case No. 15-CV-0667 WQH-KSC.; and the Scheduling Order issued in the LoCascio Action shall apply to the Fernando Action with equal force and effect. Defendant shall serve its response to the Consolidated Complaint within twenty-one (21) days after the Consolidated Complaint is served and filed.

IT IS FURTHER STIPULATED AND AGREED that nothing herein shall constitute a waiver of Defendants' rights to contest or otherwise challenge the claims raised in the Consolidated Complaint or in any other litigation pending against either Defendant.

4843-5012-7662.4

Dated:  February 19, 2016                  THE TURLEY LAW FIRM, APLC


                                           By: /s/*William Turley*

                                              William Turley
                                              Attorneys for Plaintiff
                                              PHILIP LOCASCIO


DATED:  February 19, 2016                  JAMES HAWKINS APLC


                                           By: /s/*Gregory Mauro*

                                              Gregory Mauro
                                              Attorneys for Plaintiff
                                              TREVINE FERNANDO


DATED:  February 19, 2016                  NIXON PEABODY LLP


                                           By: /s/*Robert A. Dolinko*

                                              Robert A. Dolinko
                                              Attorneys for Defendants
                                              HERTZ LOCAL EDITION
                                              CORPORATION and THE HERTZ
                                              CORPORATION

## **ATTESTATION**

I, Gregory Mauro, am the ECF User whose identification and password are being used to file this Stipulation to Consolidate Cases.  I hereby attest that William Turley and Robert Dolinko have concurred in this filing.


DATED:  February 2, 2016        By:        */s/ Gregory Mauro*
                                           Gregory Mauro
                                           Attorneys for Plaintiffs
                                           Email: greg@jameshawkinsaplc.com

4

IDENTIFICATION OF ADDITIONAL COUNSEL:

William Turley, Esq.
bturley@turleylawfirm.com
David Mara, Esq.
dmara@turleylawfirm.com
THE TURLEY LAW FIRM, APLC
7428 Trade Street
San Diego, CA  92121
Phone: 619-234-2833
Fax: 619-234-4048

Attorneys for Plaintiff
Phillip Lo Cascio and all others similarly situated


JAMES R. HAWKINS
James@jameshawkinsaplc.com
GREGORY  E. MAURO
greg@jsameshawkinsaplc.com
JAMES HAWKINS APLC
9880 Research Drive, Suite 800
Irvine, CA 92618
Phone:  949-387-7200

Attorneys for Plaintiff
Trevine Fernando and all others similarly situated

JOINT MOTION  TO CONSOLIDATE CASES PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 42(a)(2)

4843-5012-7662.4

1

## CERTIFICATE OF SERVICE

2      I hereby certify that on February 19, 2016, a copy of: **JOINT MOTION TO**

3   **CONSOLIDATE CASES PURSUANT TO FEDERAL RULE OF CIVIL**

4   **PROCEDURE 42(a)(2)** was filed electronically. Notice of this filing will be sent to

5   the counsel of record by operation of the Court's electronic filing system, and parties

6   may access this filing through the Court's system.

7   DATED:  February 17, 2016            JAMES HAWKINS APLC

8

9                                     By: /s/*Gregory Mauro*

10                                        Gregory Mauro

11                                        Attorneys for Plaintiff
                                         TREVINE FERNANDO

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

# EXHIBIT 1

1

2
William Turley, Esq. (122408)
David Mara, Esq. (230498)
3
THE TURLEY LAW FIRM, APLC
7428 Trade Street
4
San Diego, California 92121
5
Telephone: (619) 234-2833
Facsimile:  (619) 234-4048
6

7
Attorneys for Plaintiff PHILIP LO CASCIO
on behalf of himself and all others similarly
8
situated, and on behalf of the general public

9
[additional counsel listed on next page]

10
UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF
11
CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| 12   PHILIP LO CASCIO, on behalf of <br> himself and all others similarly situated, <br> 13   and on behalf of the general public <br><br> 14 <br><br> Plaintiff, <br> 15   v. <br><br> 16   HERTZ LOCAL EDITION; THE <br> HERTZ CORPORATION , <br> 17 <br> Defendants. <br> 18 _____ <br> TREVINE FERNANDO, individually <br> 19   and on behalf of all others similarly <br> situated, <br> 20 <br><br> 21       Plaintiffs, <br><br> 22 <br>     v. <br> 23 <br> HERTZ LOCAL EDITION <br> 24   CORPORATION, a Delaware <br> Corporation, and DOES 1-50, inclusive, <br> 25 <br>      Defendants. <br> 26 <br> 27 <br> 28 | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Lead Case No.:  15-CV-0667 WQH-<br>KSC; Consolidated with Case No.:<br>3:15-cv-02732-WQH (KSC) <br><br> **CONSOLIDATED CLASS ACTION** <br> **COMPLAINT FOR DAMAGES,** <br> **INJUNCTIVE RELIEF,** <br> **DECLARATORY RELIEF, AND** <br> **RESTITUTION** <br> 1)   Wage Theft/Time Shaving <br> 2)   Failure to pay overtime <br> 3)   Failure to provide meal periods <br>     (Lab. Code §§ 226.7, 512; IWC <br>     Wage Orders; <br>     Cal. Code Regs. Title 8, § 11090); <br> 4)   Failure to authorize and permit <br>     Rest Periods (Lab. Code § 226.7; <br>     IWC Wage Orders; <br>     Cal. Code Regs. Title 8, §11090); <br> 5)   Knowing and intentional failure to <br>     comply with itemized employee <br>     wage statement provisions (Lab. <br>     Code §§ 226,174, 1175); <br> 6)   Failure to pay compensation for all <br>     time worked: Cal. Code Regs., tit. <br>     9, § 11040, subds. 1 and 4(B), Lab. <br>     Code §§ 200,221,222,223 <br> 7)   Illegal vacation policy (Lab. Code <br>     § 227.3); <br> 8)   Waiting time penalties; <br> 9)   Waiting time penalties, (Lab. <br>     Code  § 204); <br> 10)   Violation of unfair competition <br>     Law (Bus. & Prof. Code § 17200, |



1
2   )   11)   Failure to Reimburse Expenses
    )         Pursuant to Lab. Code § 2802)
3   )   12)   Private Attorneys' General Act of
    )         2004

et seq.).

4

5   [Additional Counsel]

6   James R. Hawkins, Esq. (#192925)
    Gregory Mauro, Esq. (#222239)
7   JAMES HAWKINS APLC
    9880 Research Drive, Suite 800
8   Irvine, CA 92618
    Tel.: (949) 387-7200
9   Fax: (949) 387-6676
    Email: James@jameshawkinsaplc.com
10  Email: Greg@jameshawkinsaplc.com

11  Attorneys for Plaintiffs TREVINE
    FERNANDO individually and on behalf
12  of all others similarly situated

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1        Plaintiffs PHILIP LO CASCIO and KEITH FERNANDO, individually

2  and on behalf of all others similarly situated, and on  behalf of the general public,

3  and on behalf of the State of California pursuant to the Private Attorney General Act

4  of 2004, Cal. Lab. Code § 2698, et seq. ("PAGA"), complains of Defendants and for

5  causes of action and alleges:

6      1.    This is a class action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3)

7  on behalf of Plaintiff PHILIP LO CASCIO, KEITH FERNANDO and all

8  employees, including but not limited to, hourly workers  not classified as "Exempt"

9  or primarily employed in executive, professional, or administrative capacities

10  (hereinafter "Non-Exempt Employees") employed by, or formerly employed by,

11  HERTZ LOCAL EDITION; THE HERTZ CORPORATION; and/or subsidiaries or

12  affiliated companies and/or DOES, within the State of California whom have the job

13  title of manager trainees or similar job titles

14      2.    At all times mentioned herein, the common policies and practices of

15  HERTZ LOCAL EDITION; THE HERTZ CORPORATION  and/or DOES was a

16  direct cause of Defendants' failure to comply with California's wage and hours

17  laws, Wage Orders, and/or the California Labor Code as set forth more fully within.

18      3.    For at least four years prior to the filing of this action and through to

19  present, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION

20  had a uniform policy and/or practice of under staffing their locations and thus

21  pressuring their Non-Exempt Employees to work through meal periods and/or not

22  provide legally compliant meal periods.

23      4.    For at least four years prior to the filing of this action and through to

24  present, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION

25  had a uniform policy and/or practice of under staffing their locations and thus

26  pressuring their Non-Exempt Employees within California  to work through rest

27  periods and/or not authorizing and/or permitting rest periods.

28      5.    For at least four years prior to the filing of this action and through to

1 present, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION

2 had a uniform policy and/or practice controlling the budgets for their locations,

3 including labor budgets such that the stores did not have adequate workers to handle

4 the press of business.

5      6.     For at least four years prior to the filing of this action and through to

6 present, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION

7 had a uniform policy and/or practice of not scheduling employee meal periods,

8 requiring employees to get permission from supervisors before they can take a meal

9 period and/or requiring employees to take case of customers and miss meal periods

10 and/or take late meal periods. Plaintiffs are informed and believe that work demands

11 coupled and schedules as well as inadequate staffing and hiring freezes contributed

12 at least in part to the failure to provide meal periods and rest periods as required by

13 California law.

14      7.     For at least four years prior to the filing of this action and through to

15 present, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION

16 had a uniform policy and/or practice of providing commissions and/or bonuses to

17 their California employees. However, no calculations and/or tabulations were

18 provided on their paycheck stubs to said California employees which allowed them

19 to figure how and/or why they were receiving the amounts paid. Further, the dates of

20 when the commissions and/or bonuses were earned were not included on the

21 paychecks.

22      8.     For at least four years prior to the filing of this action and through to

23 present, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION

24 had a uniform policy and/or practice of changing commission structures and/or

25 bonuses structures and/or  the way said commissions and/or bonuses were paid.

26 Based the constantly changing commission and/or bonus structure - - this allowed

27 Defendants to short employees. That is, not pay commissions and/or bonuses at the

28 agreed upon rate, and/or amount.  In essence, Defendants breached contracts and/or

agreements to pay said employees the commissions and/or bonuses owed and/or agree to - either impliedly and/or expressly. Further, the commissions and/or earned bonuses were not included into the regular rates of pay for overtime calculation purposes.

9.      For at least four years prior to the filing of this action and through to present, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiffs, to work through meal periods and work at least five (5) hours without a meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws and deducting a half hours pay and/or an hours pay from their wages. Further, Plaintiffs are informed and believe that Defendants failed to adequately reimburse Plaintiffs and the Class business expenditures incurred in direct consequence of their duties pursuant to Labor Code § 2802. On information and belief, Defendants required Plaintiffs and the Class to use their cell phones to conduct business on behalf of Defendants while performing duties away from the branch such as washing cars, gassing cars, picking up or dropping off customers, all without reimbursement

10.     For at least four years prior to filing of this action and through the present, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION did not have a policy of allowing its hourly employees working shifts of 10 or more hours in a day to take a second meal period of not less than thirty minutes as required by the applicable Wage Order of the Industrial Welfare Commission.

11.     For at least four years prior to the filing of this action and through to the present, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION  have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiffs, to work over ten (10)

hours without providing an additional, uninterrupted meal period of thirty minutes and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or other compensation, as required by California's state wage and hour laws.

12. For at least four years prior to the filing of this action and through to the present, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION  have had a consistent policy of requiring Non-Exempt Employees within the State of California, including Plaintiffs, to work for over four hours, or a major fraction thereof, without a 10 minute rest period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the rest period is not provided, or other compensation, as required by California's state wage and hour laws.

13. For at least four years prior to the filing of this action and through to the present, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION  have had a continuous policy of "time shaving" or not paying Plaintiffs and those similarly situated for all their hours worked.  Specifically, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION  have had a continuous and widespread policy of Non-Exempt employees working while they were clocked out for meal periods and not paying wages for all hours worked.

14. Defendants  HERTZ LOCAL EDITION; THE HERTZ CORPORATION  had a policy and/or practice not paying for all time worked; thereby deducting 30 minutes and/or 60 minutes  of paid time, including straight time and overtime, even though Plaintiffs and those similarly situated worked through their meal periods, were not relieved of all duties, were not relinquished control over their activities,  were not permitted a reasonable opportunity to take an uninterrupted 30- minute break and/or were impeded, discouraged and/or given an incentive to forego their meal break.

15. For at least four years prior to filing this action and through to the

present, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION have knowingly and intentionally failed  to comply with the itemized employee wage statement provisions and have failed to pay Plaintiffs and those similarly situated compensation for said violations as required by California's state wage and hour laws.

16.    For at least four years prior to the filing of this action and through to the present, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION  have had a consistent policy of upon termination not paying employees all vested and/or earned and unused vacation at their final rate of pay.

17.    For at least four years prior to the filing of this action and through to the present, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION fraudulently represented to Plaintiffs and those similarly situated that all wages would be paid in order to induce Plaintiffs and the Class they seek to represent into believing all wages would be paid and to induce Plaintiffs and the Class they seek to represent to work for longer hours.

18.    For at least four years prior to the filing of this action and through to the present, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION  have been unjustly enriched by wrongfully and unlawfully failing to pay Plaintiffs and those similarly situated the wages they are owed.

19.    For at least four years prior to the filing of this action and through to the present, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION and/or their officers and/or managing agents willfully failed to pay, in a timely manner, wages owed to Plaintiff LO CASCIO and members of the Class who left Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION employ or who were terminated.

20.    For at least four years prior to the filing of this action and through to the present, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION   by failing to lawfully pay Plaintiffs and those similarly situated

1  all the wages they are owed, engaged in false, unfair, fraudulent and deceptive

2  business practices within the meaning of the Business and Professions Code section

3  17200, et seq.

4      21.    Plaintiff PHILIP LO CASCIO and KEITH FERNANDO individually

5  and on behalf all Class Members, bring this action pursuant to Labor Code sections

6  226, subdivision (b), 226.7, 510, 512, 558, 1194, 2802 and California Code of

7  Regulations, Title 8, section 11090, seeking unpaid wages and overtime, unpaid rest

8  and meal period compensation, penalties, injunctive and other equitable relief, and

9  reasonable attorneys' fees and costs.

10     22.    Plaintiff PHILIP LO CASCIO and KEITH FERNANDO individually

11  and on behalf and all Class Members, pursuant to Business and Professions Code

12  sections 17200-17208, also seeks injunctive relief, and restitution, from Defendants

13  HERTZ LOCAL EDITION; THE HERTZ CORPORATION for their failure to pay

14  straight time and overtime wages, pay compensation for all hours worked, provide

15  10 minute paid rest periods, and rest and meal period compensation and

16  unreimbursed expenses for cell phone useage.

17     23.    Defendants HERTZ LOCAL EDITION; THE HERTZ

18  CORPORATION  own and operate industrial work sites, and, at all times during the

19  liability period, have conducted business in San Diego, Los Angeles  and elsewhere

20  within California.  At these work sites and throughout California, Defendants

21  HERTZ LOCAL EDITION; THE HERTZ CORPORATION have, among other

22  things, employed persons as manager trainees.

23     24.    HERTZ LOCAL EDITION; THE HERTZ CORPORATION business

24  is staffed, inter alia, by hourly Non-Exempt Employees such as manager trainees

25  and/or similar positions. HERTZ LOCAL EDITION; THE HERTZ

26  CORPORATION  employees have not been paid during the liability period all their

27  straight time and overtime wages and rest and meal period compensation.  Plaintiffs

28  are informed and believe, and based thereon alleges, Defendants HERTZ LOCAL

1   EDITION; THE HERTZ CORPORATION currently employ many employees in

2   the State of California as Non-Exempt Employees.

3        25.     During the liability period, some of the members of the Plaintiffs' Class

4   were employed by Defendants HERTZ LOCAL EDITION; THE HERTZ

5   CORPORATION as Non-Exempt Employees and were paid on an hourly basis.

6   Plaintiffs and the members of the Plaintiffs' Class of HERTZ LOCAL EDITION;

7   THE HERTZ CORPORATION Non-Exempt Employees were not provided all

8   straight time and overtime wages owed and rest or meal periods or compensation in

9   lieu thereof, and were not reimbursed cell phones expenses as mandated under the

10   California Labor Code, and the implementing rules and regulations of the Industrial

11   Welfare Commission's ("IWC") California Wage Orders.

12        26.     Defendants HERTZ LOCAL EDITION; THE HERTZ

13   CORPORATION  are and were aware that the HERTZ LOCAL EDITION; THE

14   HERTZ CORPORATION Non-Exempt Employees were not paid all straight time

15   and overtime wages owed nor provided rest and meal periods.  Defendants' denial

16   of wages and other compensation due to Plaintiffs and members of the Plaintiffs'

17   Class in the position of HERTZ LOCAL EDITION; THE HERTZ CORPORATION

18   Non-Exempt Employees was willful and deliberate.

19        27.     Defendants HERTZ LOCAL EDITION; THE HERTZ

20   CORPORATION willfully failed to pay the straight time and overtime wages owed

21   and rest and meal period wages of former HERTZ LOCAL EDITION; THE HERTZ

22   CORPORATION Non-Exempt Employees, including members of Plaintiffs' Class,

23   when each such employee quit or was discharged.

24        28.     Defendants HERTZ LOCAL EDITION; THE HERTZ

25   CORPORATION willfully failed to provide itemized paychecks, stubs, vouchers,

26   checks, and/or drafts which provided an accurate statement in writing showing gross

27   wages earned, total hours worked, number of piece rate units earned, all deductions,

28   net wages earned, dates of commissions or bonuses were earned, failing to include

accurate overtime rates by failing to include commissions and earned bonuses into the regular rates of pay for overtime calculation purposes, and/or other violations of Labor Code Section 226.

29.     Plaintiffs and the Putative class were injured because they could not determine how their wages, hours and/or piece rate was calculated and/or their accurate pay.

**I.   VENUE**

30.     Venue as to each Defendant HERTZ LOCAL EDITION; THE HERTZ CORPORATION is proper in this judicial district, pursuant to 28 U.S.C. § 1391 because (i) DEFENDANT conducts and conducted substantial business within this judicial district and maintains offices in this judicial district, (ii) the causes of action alleged herein arise in whole or in part in this judicial district, and (iii) DEFENDANT committed wrongful conduct against members of this class in this district. Venue is also proper in this district because the unlawful acts alleged herein have a direct effect on Plaintiffs and those similarly situated within the State of California and within .San Diego County, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION employ numerous Class Members in California and/or San Diego County.

**II.   PARTIES**

**A.     Plaintiffs.**

31.     Plaintiff PHILIP LO CASCIO is a resident of California, at all relevant times herein he was employed by Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION  and/or DOES for the last four years as a manager trainee at HERTZ LOCAL EDITION; THE HERTZ CORPORATION in California. throughout his employment with HERTZ LOCAL EDITION; THE HERTZ CORPORATION and/or DOES, Mr. PHILIP LO CASCIO was employed in a non-exempt capacity as an hourly manager trainee. Plaintiff KEITH FERNANDO is a resident of California, at all relevant times herein he was employed by Defendants

HERTZ LOCAL EDITION; THE HERTZ CORPORATION  for the last four years as a manager trainee at HERTZ LOCAL EDITION; THE HERTZ CORPORATION in California. throughout his employment with HERTZ LOCAL EDITION; THE HERTZ CORPORATION.   Mr. FERNANDO is currently employed in a non-exempt capacity as an hourly  manager trainee.

32.    On information and belief, Plaintiffs and all other members of the proposed Class experienced Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION common company policies of failing to pay all straight time and overtime wages owed, failing to reimburse expenses for cell phone use, and providing no rest periods and no meal periods to employees working at least five hours or any additional meal periods for working in excess of 10 hours, or compensation in lieu thereof.  On information and belief, Defendants DOES willfully failed to pay their employees and members of the Plaintiffs' Class in a timely manner compensation owing to them upon termination of their employment with HERTZ LOCAL EDITION; THE HERTZ CORPORATION  and/or DOES.

**B.    Defendants.**

33.    Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION  are engaged in the ownership and operation of industrial  sites located within San Diego and Los Angeles Counties, and throughout the State of California.  During the liability period, Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION employed Plaintiffs and similarly situated persons as HERTZ LOCAL EDITION; THE HERTZ CORPORATION Non-Exempt Employees within California.  On information and belief, each of the Defendants is conducting business in California.

34.    Defendants HERTZ LOCAL EDITION; THE HERTZ CORPORATION  are engaged in the ownership and operation of industrial  sites located within San Diego and Los Angeles Counties, and throughout the State of California.  During the liability period, Defendants S employed Plaintiffs and

similarly situated persons as HERTZ LOCAL EDITION; THE HERTZ

CORPORATION   Non-Exempt Employees within California.

35.    HERTZ LOCAL EDITION; THE HERTZ CORPORATION principal place of business is in the State of California.

36.    HERTZ LOCAL EDITION; THE HERTZ CORPORATION and have numerous offices and/or contracts in the State of California.

37.    California is the nerve center of HERTZ LOCAL EDITION; THE HERTZ CORPORATION operations.

38.    Plaintiffs will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants when and if such further identities become known.

39.    Plaintiffs are informed and believe, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.

**III.  CLASS ACTION ALLEGATIONS**

40.    Plaintiffs bring this action individually and on behalf of all others similarly situated as a class action pursuant to section Fed. R. Civ. Proc. 23(b) (2) and/or (3).  Plaintiffs seek to represent a Class composed of and defined as follows:

All persons who are or have been employed by Defendants in the State of California as hourly employee  manager trainees and/or similar job designations and titles, during the period of the relevant statute of limitations.

Plaintiffs also seek to represent Subclasses composed of and defined as follows:

a)  All persons who are or have been employed by Defendants in the State of California as hourly employee  manager trainees  or similar job designations and titles, during the period of the relevant statute of

limitations, who were not paid all straight time wages and overtime.

b) All persons who are or have been employed by Defendants in the State of California as hourly employee manager trainees  or similar job designations and titles, during the period of the relevant statute of limitations, who were subject to auto-meal deduct, when they were not relieved of all duties.

c) All persons who are or have been employed by Defendants in the State of California as hourly employee manager trainees or similar job designations and titles, during the period of the relevant statute of limitations who have not been authorized and permitted to take a rest period for every four hours or major fraction thereof worked per day and were not provided compensation of one hour's pay or other compensation for each day on which such rest periods were not authorized and permitted.

d) All persons who are or have been employed by Defendants in the State of California as hourly employee manager trainees or similar job designations and titles, during the period of the relevant statute of limitations who have worked five and/or ten hours without being provided a meal period and/or additional meal period and were not provided compensation of one hour's pay or other compensation for each day on which such meal period was not provided.

e) All persons who are or have been employed by Defendants in the State of California as hourly employee workers, or similar job designations and titles, during the period of the relevant statute of limitations who Defendants willfully failed to pay in a timely manner compensation owing to them upon termination of their employment with HERTZ LOCAL EDITION; THE HERTZ CORPORATION.

f) All persons who are employed or have been employed by Defendants in the State of California as manager trainees and/or in any similar position

within four (4) years of the filing of the Complaint and who have not been compensated for all time worked.

g) All persons who are employed or have been employed by Defendants in the State of California as manager trainees and/or in any similar position within four (4) years of the filing of the Complaint and who have not been paid all commissions and/or bonuses owed.

h) All persons who are employed or have been employed by Defendants in the State of California as manager trainees or in any similar position within four (4) years of the filing of the Complaint and who were not provided 10 minute paid rest periods.

i) All persons who are employed or have been employed by Defendants in the State of California as manager trainees and/or in any similar position within four (4) years of the filing of the Complaint and who have not paid all earned and/or vested vacation.

j) All persons who are employed or have been employed by Defendants in the State of California as manager trainees and/or in any similar position within four (4) years of the filing of the Complaint and were required by Defendant to use their own cell phones as a direct consequence of their duties.

k) All persons who are employed or have been employed by Defendants in the State of California as manager trainees and/or in any similar position within one (1) year of the filing of the Complaint Class Members who received wage statements.

l) All persons who are employed or have been employed by Defendants in the State of California as manager trainees and/or in any similar position within four (4) years of the filing of the Complaint who earned commissions, bonuses and/or overtime.

Plaintiffs reserve the right to amend or modify the Class description with

greater specificity or further division into subclasses or limitation to particular issues.

41.     This action has been brought and may properly be maintained as a class action under Fed. R. Civ. Proc. 23(b) (2) and/or (3).

**A.     Numerosity.**

42.     The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiffs are  informed and believe that Defendants currently employ, and during the relevant time periods employed, in excess of two thousands employees, all in the State of California, in positions as Defendants' Non-Exempt Employees in San Diego and Los Angeles Counties and dispersed throughout California during the liability period and who are or have been affected by Defendants' policies of shaving time, failing to pay all straight time and overtime wages, not providing meal periods or providing them more than five hours into an employee's shift, not authorizing and permitting rest periods without the appropriate legal compensation, not reimbursing required expenditures pent by Plaintiffs and class members in execution of their duties, and not timely paying waiting time monies.

43.     Accounting for employee turnover during the relevant periods necessarily increases this number substantially.  Upon information and belief, Plaintiffs allege Defendants' employment records would provide information as to the number and location of all Class Members.  Joinder of all members of the proposed Class is not practicable.

**B.     Commonality.**

44.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class Members.  These common questions of law and fact include, without limitation:

(1)     Whether Defendants violated Labor Code section 226.7, IWC Wage

Order No. 9-2001 or other applicable IWC Wage Orders, and California Code of Regulations, Title 8, section 11090, by failing to  authorize,  permit, and/or provide rest periods to employees  for every four hours or major fraction thereof worked and/or  failing to pay said employees one hour of pay at the employee's regular rate of compensation for each work day that the rest  period was not authorized, permitted and/or provided.

(2)     Whether Defendants violated Labor Code sections 226.7 and 512, IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders, and California Code of Regulations, Title 8, section 11090, by failing to provide meal periods to Non-Exempt Employees per every (5) hours of continuous work and/or failing to pay said employees one hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.

(3)     Whether Defendants violated Labor Code sections 226.7 and 512, IWC Wage Order No. 9-2001 or other applicable IWC Wage Orders, and California Code of Regulations, Title 8, section 11090, by not relieving Non-Exempt Employees from all duties during a 30 minute meal period and not counting the time as time worked.

(4)     Whether Defendants violated Labor Code § 2802 by failing to reimburse Plaintiffs and the Class for all business expenses incurred by them in direct consequence of their duties such as cell phones.

(5)      Whether Defendants' uniform policies of establishing and scheduling routes to be completed in overly demanding time frames resulted in Defendant and/or DOES not providing meal and rest periods, in that said policies pressured its Non-Exempt hourly manager trainees to complete their routes within the rigorous time frames and not break route to take meal and rest periods and/or not legally provide meal periods.

(6)     Whether Defendants had a pattern and practice of pressuring its hourly Non-Exempt  manager trainees to work and/or perform job duties  that made it

impractical for HERTZ LOCAL EDITION; THE HERTZ CORPORATION   Non-Exempt manager trainees to be relieved of all duty for 30 minute meal periods and/or 10 minute rest periods.

(7)     Whether the  in existence of a policy allowing a second meal period in shifts of over five (5) hours resulted in HERTZ LOCAL EDITION; THE HERTZ CORPORATION  Non-Exempt  manager trainees not being provided a second meal period in accordance with the Labor Code and Wage Orders.

(8)     Whether the in existence of a policy allowing a third rest period in shifts of over ten (10) hours resulted in HERTZ LOCAL EDITION; THE HERTZ CORPORATION  Non-Exempt industrial  manager trainees not being authorized and permitted to take a rest period in shifts of over ten (10) hours in accordance with the Labor Code and Wage Orders.

(9)     Whether Defendant's uniform policy of deducting thirty (30) minutes from its Non-Exempt manager trainees for each day worked - regardless of whether the Non-Exempt manager trainees were relieved of duty for thirty (30) minutes - violated the Labor Code and Wage Orders.

(10)    Whether Defendants violated section 226 of the Labor Code and IWC Wage Order No. 9-2001 subsections (7)(a), (7)(b), (7) (c)by knowingly and intentionally failing to, among other violations, accurately report compensation owed and/or compensation owed for rest and meal period violations.

(11)    Whether Defendants have had a consistent policy of upon termination not paying employees all vested and/or earned and unused vacation at their final rate of pay.

(12)    Whether Defendants willfully failed to pay, in a timely manner, wages owed to members of the Class who left Defendants' and/or DOES' employ or who were terminated.

(12)    Whether Defendants failed to provide accurate itemized wage statements pursuant to Labor Code 226(a).

(13)     Whether Defendants violated section 17200, et seq. of the California Business and Professions Code by shaving time, failing to pay all wages and overtime, failing to reimburse expenses, and failing to provide meal periods without compensating Non-Exempt Employees one hour's pay for every day such periods were not provided, a and not authorizing and/or permitting rest periods and not out paying an hour's pay and failing to keep accurate records of Class Members' compensation owed.

(14)     Whether Defendants violated Labor Code sections 510, 1194, and other provisions by shaving time and failing to pay all straight time and overtime wages owed.

(15)     Whether Defendants violated Labor Code Labor Code Section 203 which provides for the assessment of a penalty against the employer when there is a willful failure to pay wages due the employee at conclusion of the employment relationship.

**C.     Typicality.**

45.     The claims of the named Plaintiffs are typical of the claims of the Class.  Plaintiffs and all members of the Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulations that have the force and effect of law and statutes as alleged.

**D.     Adequacy of Representation.**

46.     Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class.  Counsel who represents Plaintiffs is competent and experienced in litigating large employment class actions.

**E.     Superiority of Class Action.**

47.     A class action is superior pursuant to Fed. R. Civ. Proc. 23(b) (2) and/or (3).to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and

questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' illegal policy and/or practice of failing to pay all straight time and overtime wages owed, not providing meal periods, denying Class Members legally compliant  meal periods without legal compensation, requiring employees to work in excess of ten hours per day without additional meal periods, and not compensating members of the Class for all time worked and not authorizing and/or permitting  rest periods and not out paying an hour's pay for such.

48.    Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system and so as to avoid inconsistent or varying adjudications with respect to individual members of the Classes, which would establish incompatible standards of conduct for the DEFENDANTs; and/or, adjudications with respect to individual members of the Labor would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests; Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## IV.  CAUSES OF ACTION.

**First cause of action against all Defendants:**

**Wage-Theft/ Time-Shaving.**

49.    Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

50.    Defendants have had a continuous policy of not paying Plaintiffs and those similarly situated for all hours worked.  Specifically, Defendants have a continuous policy of pressuring, encouraging, incentivising and/or requiring

1   Plaintiffs and those similarly situated to work off the clock during meal periods.

2   51.   Thus, Defendants shave/ steal earned wages from Plaintiffs and each
3   and every member of the Class each and every day they work without a meal period
4   and have time deducted.

5   52.   Plaintiffs and those similarly situated Class members are informed and
6   believe and thereon allege that Defendants breached the legal duty to pay full wages
7   to Plaintiffs by deducting a portion of the wages earned when Plaintiffs' and the
8   Class members' were working during meal periods. The conduct complained of is a
9   form of what is sometimes called "dinging," "shaving," or "scrubbing" and is
10   prohibited by law.  Defendants also failed to pay for the overtime that was due
11   pursuant to Labor Code sections 510 and 1194 and Industrial Welfare Commission
12   Order No. 9-2001, item 3(A).

13   53.   Plaintiffs and the Class members are informed and believe and thereon
14   allege that as a direct result of the systematic uniform working off the clock during
15   meal periods and/or at other time,  Plaintiffs and the Class members have suffered,
16   and continue to suffer, substantial unpaid wages, and lost interest on such wages,
17   and expenses and attorneys' fees in seeking to compel Defendants to fully perform
18   their obligations under state law, all to their respective damage in amounts
19   according to proof at time of trial.  Defendants committed the acts alleged herein
20   knowingly and willfully, with the wrongful and deliberate intention on injuring
21   Plaintiffs and the Class members.  Defendants acted with malice or in conscious
22   disregard of Plaintiffs' and the Class members' rights.  Plaintiffs and the Class
23   members are thus entitled to recover nominal, actual, compensatory, punitive, and
24   exemplary damages in amounts according to proof at time of trial.  Plaintiffs are
25   also entitled to any penalties allowed by law.

26   54.   As a direct result of Defendants' policy of illegal time shaving/ wage
27   theft, Plaintiffs and those similarly situated have been damaged in an amount to be
28   proven at trial.

**Second cause of action against all Defendants:**

**Failure to pay overtime**

55.     Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

56.     It is fundamental that an employer must pay its employees for the time worked.  California Labor Code sections 218 and 218.5 provide a right of action for nonpayment of wages.  Labor Code section 222 prohibits the withholding on part of a wage.  Labor Code section 223 prohibits the pay of less than a statutory or contractual wage scale.  Labor Code section 1197 prohibits the payment of less than the minimum wage.  Labor Code section 224 only permits deductions from wages when the employer is required or empowered to do so by state or federal law or when the deduction is expressly authorized in writing by the employee for specified purposes that do not have the effect of reducing the agreed upon wage.

57.     Defendants failed to pay overtime when employees worked over 8 hours a day and when employees worked over 40 hours a week.

58.     Plaintiffs and those similarly situated Class members were employed by HERTZ LOCAL EDITION; THE HERTZ CORPORATION and/or DOES at all relevant times.  Defendants and/or DOES were required to compensate Plaintiffs for all hours worked and were prohibited from making deductions that had the effect of reducing the agreed upon wage.

59.     Plaintiffs and those similarly situated Class members are informed and believe and thereon allege that Defendants breached the legal duty to pay full wages to Plaintiffs by deducting a portion of the wages earned when Plaintiffs and the Class members' actual time records indicated that a meal period was not taken. Defendants devised a computer program to edit the actual hours reported by Plaintiffs and the Class members, deducting a portion of the hours shown as worked hours when a meal period and/or rest period was not taken during the work day.

CONSOLIDATED CLASS ACTION COMPLAINT

Defendants did not make reasonable efforts to determine whether the time deducted was actually worked as reported by Plaintiffs and the Class members.  Defendants, without a reasonable basis, presumed that actual reported hours had not been accurately reported.  The conduct complained of is a form of what is sometimes called "dinging" and is prohibited by law.  Defendants and/or DOES also failed to pay for the overtime that was due pursuant to Industrial Welfare Commission Order No. 9-2001, item 3(A).

60.     At all times relevant, Defendants also failed to pay all overtime wages owed to Plaintiffs and Class Members for the on-call time where during the on-call time Plaintiffs and Class Members were under the control of Defendant and were unable to attend to personal business and required to remain close to the branch. At all times relevant, Defendants also failed to accurately include all remuneration such as bonuses, incentive pay and commissions into the regular rates of pay for overtime calculation purposes.

61.     Plaintiffs and the Class members are informed and believe and thereon allege that as a direct result of the systematic deductions in pay, resulting from application of an automatic computer program and overtime, Plaintiffs and the Class members have suffered, and continue to suffer, substantial unpaid wages, and lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendants to fully perform their obligations under state law, all to their respective damage in amounts according to proof at time of trial.  Defendants committed the acts alleged herein knowingly and willfully, with the wrongful and deliberate intention on injuring Plaintiffs and the Class members.  Defendants acted with malice or in conscious disregard of Plaintiffs' and the Class members' rights.  In addition to compensation, Plaintiffs are also entitled to any penalties allowed by law.

//

//

**Third cause of action against all Defendants:**

**Failure to provide meal periods or pay compensation in lieu thereof.**

**(Lab. Code §§ 226.7, 512; IWC Wage Order No. 9; Cal. Code Regs., Title 8, § 11090).**

62.     Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

63.     Under California Labor Code, section 512, and Industrial Welfare Commission Wage Order No.9, no employer shall employ any person for a work period of more than five (5) hours without providing a meal period of not less than thirty (30) minutes.  During this meal period of not less than thirty (30) minutes, the employee is to be completely free of the employer's control and must not perform any work for the employer.  If the employee does perform work for the employer during the thirty (30) minute meal period, the employee has not been provided a meal period in accordance with the law.  Also, the employee is to be compensated for any work performed during the thirty (30) minute meal period.

64.     In addition, an employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with another meal period of not less than thirty (30) minutes.

65.     Under California Labor Code, section 226.7, if the employer does not provide an employee a meal period in accordance with the above requirements, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

66.     Defendants failed to provide 30 minute, uninterrupted meal periods to its Non-Exempt Employees who worked for work periods of more than five consecutive hours. As such, Defendants' Non-Exempt Employees were required to work well over five consecutive hours at a time without being provided a 30 minute, uninterrupted meal period within that time.

67.     Defendants failed to provide 30 minute, uninterrupted meal periods to its Non-Exempt Employees for every five continuous hours it's Non-Exempt Employees worked.

68.     Defendants' business model was such that Non-Exempt Employees was to budget the labor at said work sites such that there were not enough employees in order to services and/or takes care of the customers and/or business. The Non-Exempt Employees were pressured to skip meal periods, take meal periods late and/or work during meal periods.  In addition, Defendants devised a commission system and/or bonus system that incentivized employees to miss meal periods, take meal periods late, skip meal periods and/or work off the clock during meal periods.

69.     Defendants' business model was such that Non-Exempt Employees were called "manager trainees."  The whole purpose behind such designatation was to incentivize the employees to behave like exempt employees - working late hours, long hours, not take meal periods, miss meal periods, take late meal periods and not complain about such because if they did complain - - they would not be able to become a branch manager.  In other words, they provided them the proverbial carrot to keep the workers working, without complaining about not getting their rights provided to them by the Labor Code and/or Wage Orders.

70.     Throughout the statutory period, Defendants had a pattern and practice of assigning too much work to be completed in too short of time frames, which resulted in Plaintiffs and those similarly situated not breaking route to take meal and rest periods.

71.     Throughout the statutory period, Defendants valued productivity over providing meal and rest periods and, because of this, meal and rest periods were not priorities to Defendants.

72.     Throughout the statutory period, Defendants' policies promoting productivity subjugated Plaintiffs' and those similarly situated rights to meal and

rest periods.

73. Because of Defendants' demanding uniform corporate policies and/or practices, Plaintiffs and those similarly situated felt that taking meal periods would compromise their chances of advancing to the position of manager and/or advancing their careers if they exercised their rights to take meal or rest periods would sacrifice their jobs with HERTZ LOCAL EDITION; THE HERTZ CORPORATION.

74. Throughout the statutory period, Defendants had no policy that advised Plaintiffs and those similarly situated of their right to take a second meal period.

75. Defendants thereby failed to provide an additional 30 minute uninterrupted meal period for employees on days where they worked in excess of ten hours.

76. Failing to provide compensation for such unprovided or improperly provided meal periods, as alleged above, Defendants willfully violated the provisions of Labor Code sections 226.7, 512 and the IWC Wage Orders.

77. As a result of the unlawful acts of Defendants and/or DOES, Plaintiffs and the Class they seek to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226, 226.7, and IWC Wage Orders. Plaintiffs and the Class Members he seeks to represent did not willfully waive their right to take meal periods through mutual consent with Defendants.

78. WHEREFORE, Plaintiff and the Class he seeks to represent request relief as described below.

**Fourth cause of action against all Defendants:**

**Failure to authorize and permit rest periods or pay compensation in lieu thereof (Lab. Code § 226.7; IWC Wage Order No. 9; Cal. Code Regs., Title 8, § 11090).**

79.     Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

80.     Defendants failed to authorize and permit its Non-Exempt Employees to take 10 minute rest periods per every four hours worked or major fraction thereof.

81.     Defendants' business model was such that Non-Exempt Employees were assigned too much work that could not be reasonably completed in their assigned shift, work and/or route.  The end result is that Defendants' and/or DOES' Non-Exempt Employees routinely and regularly are forced to work through their rest periods.

82.     Throughout the statutory period, Defendants had a pattern and practice of assigning too much work to be completed in too short of time frames, which resulted in Plaintiffs and those similarly situated not breaking route to take meal and rest periods.

83.     Throughout the statutory period, Defendants valued productivity over providing meal and rest periods and, because of this, meal and rest periods were not priorities to Defendants.

84.     Throughout the statutory period, Defendants' policies promoting productivity subjugated Plaintiffs' and those similarly situated rights to meal and rest periods.

85.     Because of Defendants' demanding policies on route completion times, Plaintiffs and those similarly situated felt that breaking route to exercise their rights to take meal or rest periods would sacrifice their jobs with HERTZ LOCAL EDITION; THE HERTZ CORPORATION  .

86.     Based on Defendants' demanding route policies, Plaintiffs and those similarly situated routinely worked through their rest periods, which compromised the health and welfare of, not only the Plaintiffs and those similarly situated, but all members of the general public.

87.     Throughout the statutory period, Defendants had no policy that advised Plaintiffs and those similarly situated of their right to take an additional rest period in shifts exceeding 10 hours in a day.

88.     Thus, Plaintiffs and those similarly situated had no way of knowing they were to be authorized and permitted a ten minute rest period when working in excess of 10 hours a day.

89.     By its failure to authorize and permit its Non-Exempt Employees to take rest periods for every four hours or major fraction thereof worked per day, Defendants willfully violated provisions of Labor Code section 226.7 and IWC Wage Orders.  Plaintiffs and the Class Members they seek to represent did not willfully waive their right to take rest periods through mutual consent with Defendants.

90.     As a result of the unlawful acts of Defendants, Plaintiffs and the Class they seeks to represent have been deprived of premium wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, under Labor Code sections 226, 226.7, and IWC Wage Orders.

91.     WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

**Fifth cause of action against all Defendants:**

**Knowing and intentional failure to comply with itemized employee wage statement provisions (Lab. Code §§ 226, 1174, 1175; IWC Wage Orders)**

92.     Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

93.     Section 226, subdivision (a), of the California Labor Code requires Defendants to itemize in wage statements all deductions from payment of wages and to accurately report total hours worked by Plaintiffs and the members of the

proposed Class.  Defendants have knowingly and intentionally failed to comply with Labor Code section 226, subdivision (a), on each and every wage statement provided to Plaintiff and members of the proposed Class.

94.    Section 1174 of the California Labor Code requires Defendants to maintain and preserve, in a centralized location, records showing the hours worked daily by and the wages paid to its employees.  Defendants have knowingly and intentionally failed to comply with Labor Code section 1174.  The failure of Defendants, and each of them, to comply with Labor Code section 1174 is unlawful pursuant to Labor Code section 1175.

95.    Defendants failed  to maintain time records - as required by IWC Wage Orders- showing, among other things, when the employee begins and ends each work period, meal period, and total daily hours worked in itemized wage statements, and all deductions from payment of wages, and to accurately report total hours worked, rates of pay, including all remuneration earned such as commissions and bonuses and dates of earned commissions and bonuses, as well as accurately calculating the rates of pay for overtime purposes by Plaintiffs and the members of the proposed Class.

96.    Plaintiffs and the Putative Class,  manager trainees were injured because they could not determine their accurate pay, hours worked, piece rate units worked, deductions and/or the like.

97.    WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

**Sixth Cause of Action Failure to pay compensation for all time worked against all Defendants: Cal. Code Regs., tit. 9, § 11040, subds. 1 and 4(B), Lab. Code §§ 200,221,222,223**

98.    Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

99.     By their policy of not paying compensation for all time worked - including, but not limited during meal periods, before shifts, and/or after shifts scheduling time to  Plaintiffs and the proposed class of  manager trainees work during unprovided rest periods- Defendants violated California law.

100.     By their policy of not providing paid rest periods at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof; Defendants violated the provisions of  the Wage Orders.

101.     As a direct result of the unlawful acts of Defendants, Plaintiffs and the class they intend to represent have been deprived of wages and/or overtime in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, pursuant to the provisions Cal. Code Regs., tit. 9, § 11040, subds. 1 and 4(B) and 12(A), Lab. Code §§ 200,221,222,223.

**Seventh cause of action against all Defendants:**

**Failure to pay unused and/or vested vacation time under Labor Code Section 227.3**

102.     Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

103.     Based upon information and belief, Defendants and Does have a vacation policy, practice and/or agreement to provide paid vacation.

104.     Defendants have certain restrictions on how it fulfills its obligation to provide vacation that are in breach of Labor Code Section 227.3.

105.     Said policies and/or practices are in violation of California law, including - but not limited to Defendants not paying all vacation monies owed, vested and/or accrued at the employee's final rate of pay at time of termination.

106.     Said policies and/or practices are illegal because they are a use or lose it vacation policy, practice and/or procedure.

107.      At all times mentioned herein, Defendants knew and/or should have

known that said policies, procedures and/or practices were illegal.

108.   At all times mentioned herein, said policies, procedures and/or practices were inequitable, unfair and/or unjust to said employees.

109.   As a direct result of the unlawful acts of Defendants, Plaintiff and the class they intend to represent have been deprived of earned and/or vested vacation wages in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs.

**Eighth cause of action against all Defendants:**

**Waiting time penalties under Labor Code section 203**

110.   Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

111.   Numerous members of the Class are no longer employed by Defendants. They were either fired or quit Defendants' employ. Defendants OES did not pay all timely wages owed, straight-time wages owed, overtime wages owed, meal period premiums, and/or rest period premiums owed at the time of termination.

112.   The Defendants' failure to pay wages, as alleged above, was willful in that Defendants and each of them knew the wages to be due but failed to pay them, thus entitling members of the Class to penalties under Labor Code, section 203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

113.   Defendants have failed to pay Plaintiffs and those similarly situated Class members a sum certain at the time of termination or within seventy-two (72) hours of their resignation, and have failed to pay those sums for thirty (30) days thereafter. Pursuant to the provisions of Labor Code, section 203, Plaintiff and the Class are entitled to a penalty in the amount of Plaintiff's and those similarly situated Class Members' daily wage multiplied by thirty (30) days.

114.    WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

### Ninth cause of action against all Defendants:

### Failure to Timely Pay Wages ( Lab. Code § 204)

115.    Plaintiffs re-allege each and every allegation contained above as though fully set forth herein.

116.    Pursuant to Labor Code section 204, "all wages......earned by any person in any employment is due and payable twice during each calendar month.

117.    On information and belief, by Defendants failing to pay the minimum wage and overtime as alleged herein, Defendant failed to pay wages due and owing within the time limits provided for in LC § 204.

118.    As a result, Plaintiffs and Class Members have not been timely paid earned and owed and are entitled to penalties pursuant to LC 210 and 2699.3, et. seq.

### Tenth cause of action against all Defendants:

### Violation of unfair competition law (California Bus. & Prof. Code, § 17200, et seq.).

119.    Plaintiffs and those similarly situated Class members hereby incorporate by reference each and every other paragraph in this Complaint herein as if fully plead.

120.    Defendants' failure to pay all straight time and overtime wages owed, Labor Code 203 wages, and failure to compensate for unprovided or improperly provided rest and meal periods to Plaintiff and members of the Plaintiff Class, under the IWC Wage Orders and under the California Labor Code, and failure to keep proper records, as alleged herein, constitutes unlawful activity prohibited by California Business and Professions Code section 17200, et seq.

121.    The actions of Defendants in failing to pay Plaintiff and members of the Plaintiff Class in a lawful manner, as alleged herein, constitutes false, unfair,

fraudulent and deceptive business practices, within the meaning of California Business and Professions Code section 17200, et seq.

122.   Plaintiffs are entitled to an injunction and other equitable relief against such unlawful practices in order to prevent future damage, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits.  Plaintiff brings this cause individually and as a member of the general public actually harmed and as a representative of all others subject to Defendants' unlawful acts and practices.

123.   As a result of their unlawful acts, Defendants have reaped and continue to reap unfair benefits at the expense of Plaintiff and the Class he seeks to represent. Defendants should be enjoined from this activity and made to disgorge these ill-gotten gains and restore Plaintiff and the members of the Plaintiff Class the wrongfully withheld wages and overtime compensation pursuant to Business and Professions Code section 17203.  Plaintiffs are informed and believe, and thereon allege, that Defendants and/or DOES are unjustly enriched through their failure to provide meal periods, authorize and permit rest periods, and/or appropriate compensation in lieu of meal and rest periods to Plaintiff and members of the Plaintiff Class.

124.   Plaintiffs are informed and believe, and thereon allege, that Plaintiffs and members of the Plaintiff Class are prejudiced by Defendants' and/or DOES' unfair trade practices.

125.   As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiffs, individually and on behalf of all employees similarly situated, is entitled to equitable and injunctive relief, including full restitution and/or disgorgement of all wages and premium pay which have been unlawfully withheld from Plaintiffs and members of the Plaintiffs Class as a result of the business acts and practices described herein and enjoining Defendants from engaging in the practices described herein.

126.   The illegal conduct alleged herein is continuing, and there is no

indication that Defendants will cease and desist from such activity in the future. Plaintiffs alleges that if Defendants are not enjoined from the conduct set forth in this Complaint, they will continue to require employees to work through meal and/or second meal periods and/or work five hours or more without receiving a meal period, will continue to fail to authorize and permit rest periods or provide appropriate compensation in lieu thereof, failure to reimburse necessary business expenses, and will continue to fail to pay and to avoid paying wages, appropriate taxes, insurance, and unemployment withholdings.

127.    Plaintiffs further request that the Court issue a preliminary and permanent injunction prohibiting Defendants from requiring Plaintiffs and the Plaintiff Class to work through meal periods, and from continuing to fail to provide rest periods and meal periods or provide appropriate compensation in lieu thereof.

128.    WHEREFORE, Plaintiffs and the Class they seek to represent request relief as described below.

**Eleventh Cause of Actions against all Defendants:**

**Failure to Indemnify Necessary Business Expenditures**

129.    Plaintiffs incorporate by reference paragraphs 1 through 50 above, and re-alleges each and every allegation contained above as though fully set forth herein.

130.    Labor Code § 2802 requires Defendants to indemnify Plaintiffs and Class Members for necessary expenditures incurred in direct consequence of the discharge of his or her duties.

131.    As a necessary part of employment, Plaintiffs and on information and belief Class Members, were not adequately reimbursed by Defendants for expenses related to all expenses incurred as a result of personal cell phone usage, which were incurred as a direct consequence of the discharge of duties by Plaintiffs and Class Members.  For instance, Plaintiffs and Class Members were regularly required to leave the branches to either pick up customers, wash cars, gas cars, pick up vehicle exchanges from other branches, and necessarily needed to remain in contact with

customers as well as the local branches.  Despite these realities of the job, Defendant failed to provide reimbursements for the use of personal cell phones necessary to carry out their job duties. In addition, on information and belief, due to staffing shortages, many times Plaintiffs and the Class would have to forward the business line calls to their personal cell phones while conducting Defendant's business and job duties outside the branch in order to remain in contact with customers who were calling into branches, where, due to staffing shortages, no one was else available to take customer calls.

132.   As a result of the unlawful acts of Defendants, Plaintiff s and the Class Members have been deprived of un-reimbursed expense amounts to be determined at trial, and are entitled to the recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code §§ 226, and 2802.

**Twelfth cause of action against all Defendants:**

**Private Attorneys' General Act of 2004, (Lab. Code**§§ 2698, et. seq.)

133.   Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

134.   Pursuant to Labor Code § 2699.3, (a) A civil action by an aggrieved employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met:

      (1) The aggrieved employee or representative shall give written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation.

      (2) (A) The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend

to investigate the alleged violation within 30 calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 33 calendar days of the postmark date of the notice given pursuant to paragraph 1), the aggrieved employee may commence a civil action pursuant to Section 2699.

135.   On August 25, 2015 Plaintiff complied with notice requirements pursuant to Labor Code section 2699.3 and sent via certified mail written notice to the Labor and Workforce Development Agency and the alleged employers of the specific provisions alleged to have been violated.

136.   As of September 30, 2015, thirty-three (33) calendar days have passed since Notice was provided to the LWDA.  The LWDA has not provided notice that it did or did not intend to investigate the claims asserted in the complaint. Therefore, Plaintiff may commence a civil action pursuant to Labor Code § 2699.3 (a) (2) (A).

137.   On information and belief and based thereon, by their policy of:

i.  Failing to provide Meal Periods;

ii. Failing to authorize and permit Rest Periods;

iii. Failing to provide accurate itemized wage statements; and

iv. Failing to pay all minimum wages and overtime wages;

v. Failing to reimburse business expenses;

vi. Failing to timely pay wages; and

vii. Failing to pay meal period and rest period premiums.

138.   Defendants engaged in unlawful activity prohibited by inter alia, Labor Code sections 2698 et. seq., 201, 202, 204, 210, 226, 226.7, 510, 512, 558, 1194, 1197, Cal. Code Regs., Title 8, §11000, et. seq. and IWC Wage Orders which violation constitutes a violation of fundamental public policy.

139.   As a result of their unlawful acts, Plaintiff and the proposed class are

entitled to civil penalties pursuant to Labor Code Private Attorneys General Act of 2004, Labor Code §2698 et. seq.

140.   WHEREFORE, Plaintiffs and the aggrieved employees he seeks to represent request relief as described herein and below.

## V.  PRAYER FOR RELIEF

1.   That the Court determines that this action may be maintained as a Class action;

2.   For compensatory damages in an amount according to proof with interest thereon;

3.   For unpaid wages in an amount according to proof with interest at time of trial;

4.   For all monies for the violations of California Labor Code section 226.7;

5.   For economic and/or special damages in an amount according to proof with interest thereon;

6.   For all waiting time penalties owed;

7.   That Defendants be found to have engaged in unfair competition in violation of section 17200, et seq. of the California Business and Professions Code;

8.   That Defendants be ordered and enjoined to make restitution to Plaintiff and the Class due to their unfair competition,, pursuant to California Business and Professions Code sections 17203 and 17204;

9.   That Defendants be enjoined from continuing the illegal course of conduct alleged herein;

10.     That Defendants further be enjoined to cease and desist from unfair competition in violation of section 17200, et seq. of the California Business and Professions Code;

11.     That Defendants be enjoined from further acts of restraint of trade and unfair competition;

12.      Recovery of civil penalties as prescribed by the Labor Code Private Attorneys

General Act of 2004 on behalf of the State of California and with respect to all aggrieved employees.

13.     For attorneys' fees;

14.     For interest accrued to date;

15.     For costs of suit and expenses incurred herein; and

16.     For such other and further relief as the Court deems just and proper.

Dated:         February 17, 2016         **THE TURLEY LAW FIRM**

/s/ William Turley

William Turley, Esq.
David Mara, Esq.
Representing Plaintiff PHILIP LO CASCIO
on behalf of himself and all others similarly
situated, and on behalf of the general public

Dated:   February 17, 2016         **JAMES HAWKINS, APLC**

/s/ Gregory Mauro

James R. Hawkins, Esq.
Gregory E. Mauro, Esq.

Attorneys for Plaintiff, TREVINE
FERNANDO individually and on
behalf of all others similarly situated

- 35 -
CONSOLIDATED CLASS ACTION COMPLAINT